### Appeal of SCHMOLLER & MUELLER PIANO COMPANY.          Docket No. 69.

A taxpayer which kept its books on an accrual basis but which did not actually accrue interest, but carried as surplus from 1909 to 1919 an estimated amount and treated on its books interest as earned in the year in which received, reporting in its returns as income only the interest actually collected: *Held*, not entitled to include in invested capital as earned surplus for the year 1919 an amount representing accrued interest as of December 31, 1918.

Submitted January 20, 1925; decided January 31, 1925.

*George E. H. Goodner, C. P. A.*, for the taxpayer.
*Willis D. Nance, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

#### Before GRAUPNER, LITTLETON, and SMITH.

This is an appeal from a determination by the Commissioner of income and profits tax for the calendar year 1919 in the amount of $2,914.22, as set forth in the deficiency letter mailed to the taxpayer on July 24, 1924.

The question presented is whether under section 326 (a) (3) of the revenue act of 1918 the taxpayer is entitled to include in invested capital for the calendar year 1919 as earned surplus $161,214.98, interest, which it claims had accrued as of December 31, 1918, when on its books of account taxpayer consistently credited to earnings only the interest actually received, and likewise in its returns for 1919 and prior years reported as income only the interest actually collected within the year. The Commissioner contends that since the taxpayer did not actually compute interest and accrue

the same on its books, and did not include the same in its annual return of net income for income-tax purposes, the amount of $161,214.98 can not be included in invested capital as earned surplus for the purpose of computing the excess profits tax.

From the stipulation of record and the exhibits filed, the board makes the following

### FINDINGS OF FACT.

The taxpayer is a Nebraska corporation, and was engaged in the business of selling pianos, phonographs, and miscellaneous musical instruments at retail on the installment plan. When a sale was made by taxpayer the purchaser was required to execute a contract providing among other things for payment in installments, the time of completing payment being contingent upon the purchase price of the article. The contract provided for the payment of interest on the installments specified therein, the interest to become due and payable in installments when the full purchase price installments had been paid.

For the calendar year 1919 the Commissioner determined the taxable income to be $122,715.16 and the statutory invested capital to be $1,335,420.08. The amount of the deficiency for 1919, as determined by the Commissioner, is $2,914.22. Taxpayer admits $595.54 of the deficiency to be due.

In the year 1909 taxpayer estimated that $120,000 interest had accrued on installment sales contracts which amount it credited to surplus and set up as an asset an account, "interest, discount, and exchange," in a like amount. This account was carried in this manner and in the same amount in subsequent years.

In arriving at the statutory invested capital of the taxpayer for the year 1919 the Commissioner reduced the surplus as shown by the books of the taxpayer at December 31, 1918, by the amount of $120,000 claimed in the return as part of its invested capital for that year.

During the audit of taxpayer's return for 1919 the taxpayer and the Commissioner computed the actual accrued interest on purchase contracts or notes and found that on December 31, 1918, the accrued interest on them on which the purchase price installments had not been paid in full, as well as those on which the purchase price installments had been paid in full, was in the amount of $161,214.98, which amount the taxpayer is now claiming should be included in invested capital for 1919 as earned surplus. This accrued interest was not reflected upon taxpayer's books of account. In 1919 and prior years taxpayer credited interest to earnings as collected and reported as income only interest actually collected within the year. Taxpayer, upon its books of account, consistently treated interest as earned in the year in which it was actually received.

Taxpayer's books of account were kept and its returns were rendered upon the accrual basis except as to the interest on contracts, which interest was consistently set up on its books as earned, and returned as income, in the year in which it was actually received.

### DECISION.

The determination of the Commissioner is approved.

OPINION.

LITTLETON: Under the facts before the board the determination of the Commissioner must be approved. Section 326 (a) (3) of the Revenue Act of 1918 provides—

Sec. 326 (a). That as used in this title the term "invested capital" for any year means (except as provided in subdivisions (b) and (c) of this section):

\*          \*          \*          \*          \*          \*          \*

(3) Paid-in or earned surplus and undivided profits; not including surplus and undivided profits earned during the year;

We can not see from the evidence how the $120,000 carried in the surplus account from 1909 to 1918 or how the claimed actual accrued interest, including $120,000 of $161,214.98, as of December 31, 1918, can properly be included in invested capital as earned surplus when the taxpayer has consistently treated interest as earned in the year in which collected and has reported the same as income on a cash receipts instead of an accrual basis. A taxpayer can not keep its books and report interest for the taxable year on a cash receipts basis for the purpose of computing its income tax and, at the same time, insist upon its invested capital being determined by including therein as earned surplus interest on the accrual basis for the purpose of computing the profits tax. If it were permitted to do this, neither its books nor its return would truly reflect its income; but this is what this taxpayer has done.

Under its method of keeping its books and reporting its income, taxpayer did not regard the interest as income or as earned until the year in which it was collected. Furthermore, while the rate of interest to be paid by the customer on the purchase price may have been fixed and capable of computation, it was not due and payable, and the taxpayer could not demand or enforce payment of any portion of the interest until the principal was paid. There is no evidence before us as to what portion of the $161,214.98 was due and payable on December 31, 1918. Had the taxpayer in years prior to 1919 set up on its books the actual accrued interest and reported the same as income, there would be merit in its contention that the amount should be included in invested capital as earned surplus. Had this been done the actual accrued interest would have been reflected in the profit and loss and surplus accounts. Since the taxpayer admittedly did not enter upon its books the actual accrued interest but entered thereon interest as earned in the year in which paid, and as there is no evidence before us as to what portion of the amount claimed was actually earned as of December 31, 1918, the disallowance thereof by the Commissioner as a part of the taxpayer's invested capital must be approved.

The mere fact that a taxpayer has not reported earnings which should have been reported would not of itself prevent the inclusion thereof in invested capital as earned surplus. But where the taxpayer's books have never reflected the accrued interest, the same being treated as earned in the year in which received, and reported as income for the year in which collected, there is no basis for the inclusion thereof in invested capital as earned surplus in computing the profits tax.